Filed 12/30/13  P. v. Berhe CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMAN TESFAY BERHE,<br><br>    Defendant and Appellant. | A137859<br><br>(Sonoma County Super. Ct. Nos.<br>SCR-558211, SCR-59034,<br>SCR-615578) |

The sole issue on this appeal is custody credits.

Defendant Aman Tesfay Berhe was charged in three separate criminal actions with committing a number of felonies (with enhancements) occurring over a three-year period. He eventually agreed to plead no contest to four felonies, with all remaining charges and enhancements being dismissed.  He was sentenced to four years in state prison for two 2010 marijuana-related offenses (Health & Saf. Code, §§ 11359, 11360), a concurrent term of 16 months for violating section 2800.2 of the Vehicle Code in 2012, and a consecutive eight-month term for being a past-convicted felon in possession of a firearm (former Pen. Code, § 12021) in 2009.  We are concerned here solely with the 552 credit days defendant was awarded in connection with the eight-month sentence on the weapon charge.

Because that number of credits is greater than the actual sentence of eight months, defendant contends that he is being deprived of the credits to which he is entitled unless the credits which exceed the sentence are then applied to the four-year sentence.

1

This predicament is known as "dead time," that is, "time spent in custody for which [the defendant] receives no benefit." (*In re Marquez* (2003) 30 Cal.4th 14, 20.) It is unfortunate but sometimes must be endured.

The governing statute is Penal Code section 2900.5, which provides that a convicted person "shall be credited upon his . . . term of imprisonment" (subd. (a)), but "*only* where the custody to be credited is attributable to proceedings related to the *same conduct* for which the defendant has been convicted" (subd. (b), italics added).

"[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194.) This rule of strict causation "stems from the conclusion that section 2900.5 did not intend to allow credit for a period of presentence restraint unless the *conduct* leading to the sentence was the *true and only unavoidable basis* for the earlier custody." (*Id*. at p. 1192.)

Defendant cannot make that showing.

The record shows that defendant was arrested on the weapon charge on March 19, 2009, while already on bail. When arrested for the marijuana charges on December 1, 2010, defendant was still on bail. Two days later, defendant was released on bail for the new charges. He was still on that bail when he was arrested for the final time on May 28, 2012. Thereafter, defendant remained in custody until he was sentenced 228 days later.

This narrative clearly shows that defendant's "period of presentence custody stem[ed] from multiple, unrelated incidents of misconduct." (*People v. Bruner*, *supra*, 9 Cal.4th 1178, 1194.) The real accumulations of credits did not commence until defendant was incarcerated for the final offense—the Vehicle Code charge—starting in May 2012. Thus, custody credits for the defendant's first offense—the weapon possession charge—"may not be credited against a *subsequent* formal term of imprisonment," which here would be for the marijuana charges, because defendant does not show how the drug charges constituted "a 'but for' cause of the earlier restraint" on

the weapon charge.  (*Id*. at p. 1194, italics added.)  This is demonstrated by the fact that defendant was subsequently released on bail for a second time.

The statutory language is that defendant's custody on the marijuana charges was not "attributable to proceedings for the same conduct."  (Pen. Code, § 2900.5, subd. (b).)  Defendant is therefore within the rule that "If an offender is in pretrial detention awaiting trial for two unrelated crimes, he ordinarily may receive credit for such custody against only one eventual sentence."  (*In re Marquez*, *supra*, 30 Cal.4th 14, 21.)  Which is what happened here.

The judgment of conviction is affirmed.

                          _____

                          Richman, J.

We concur:

_____

Haerle, Acting P.J.

_____

Brick, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3